GUARANTY TRUST CO. OF NEW YORK v. EDISON UNITED PHONO-
GRAPH CO. et al.

(Supreme Court, Appellate Division, First Department.    November 13, 1908.)

1. COURTS (§ 516*)—RESTRAINING ACTIONS IN OTHER STATES.
   A court of one state, having jurisdiction in personam of a receiver, may restrain him from further prosecuting an action begun by him in another state, and especially where the receiver was appointed by such court in an action to dissolve a domestic corporation.
   [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1415, 1416; Dec. Dig. § 516.*]

2. COURTS (§ 516*)—RESTRAINING ACTIONS IN OTHER STATES.
   Where the question of the ownership and right of disposition of corporate stock can be more conveniently and decisively determined in an action in New York than in an action by a receiver in an adjoining state, where the receiver was appointed in New York in an action to dissolve a domestic corporation, such receiver will be restrained from further prosecuting the action begun by him in such other state.
   [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1415, 1416; Dec. Dig. § 516.*]

Appeal from Special Term, New York County.

Action by the Guaranty Trust Company of New York against the Edison United Phonograph Company and others, impleaded with

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

James F. Lynch, as receiver of the International Graphophone Company. From an order denying its motion for leave to sue James F. Lynch, as receiver, and for an injunction pendente lite, plaintiff appeals. Reversed, and motion granted.

Argued · before INGRAHAM, McLAUGHLIN, HOUGHTON, CLARKE, and SCOTT, JJ.

Herbert Barry, for appellant.
James W. Vroom, for respondent.

SCOTT, J. The plaintiff appeals from an order denying its motion for leave to sue in this action James F. Lynch as receiver of the International Graphophone Company, and for an order restraining said receiver from taking any further action or proceeding in a certain action brought by him and now pending in the Court of Chancery in the state of New Jersey. This action is for the foreclosure of a mortgage made by the Edison United Phonograph Company and one Stephen F. Moriarty to the plaintiff as trustee.

The controversy between James F. Lynch, as receiver, and the plaintiff, concerns their conflicting claims to the right of possession and disposition of · 1,440 shares of the capital stock of the Edison Phonograph Works. In January, 1903, the Edison United Phonograph Company, being indebted to divers persons in a considerable sum of money for which its creditors held its notes, determined to issue bonds secured by a mortgage, to be used in taking up said notes and to be held by said creditors in substitution therefor. In order to secure said bonds the said Edison United Phonograph Company and the said Stephen F. Moriarty executed a mortgage or deed of trust to the plaintiff as trustee, pledging as security for said bonds, among other things, 45,000 shares (out of 50,000) of the capital stock of the International Graphophone Company, which stood in the name of and apparently belonged to said Moriarty. The International Graphophone Company, as it is said, had previously sold out all of its property of every nature to the Edison Phonograph Works, a New Jersey corporation, so that at the time of the making of the aforesaid mortgage its sole property consisted of 1,440 shares of the capital stock of said Edison Phonograph Works, which stood in the name of said International Graphophone Company. After the execution of the aforesaid mortgage, certain persons, being or claiming to be the executive committee of the International Graphophone Company, adopted the following resolution:

"Resolved, that 1,440 shares of the capital stock of the Edison Phonograph Works belonging to this company be deposited with the Guaranty Trust Company of. New York, holders of 45,000 shares of the stock of this company under mortgage, subject to the following terms, namely: Said shares shall not be sold nor ·withdrawn from said trust company, except with the consent of a majority of the bondholders who are secured by the collateral trust mortgage of the Edison United Phonograph Company, dated January 15, 1903, for the benefit of the bondholders, but transfers of such shares as may be necessary to qualify representatives of the company on the board of the Edison Phonograph Works may be made from time to time as necessary."

In accordance with the terms of this resolution the 1,440 shares therein referred to were delivered to and are now held by the plain-

tiff. On November 9, 1907, a judgment of the Supreme Court of this state was entered dissolving the International Graphophone Company and appointing James F. Lynch receiver of all its assets of every description, with all the powers usually vested in receivers in such cases. Thereupon the said Lynch, as such receiver, commenced an action in the Court of Chancery of the state of New Jersey against this plaintiff and the Edison Phonograph Works. He claims that the so-called executive committee of the International Graphophone Company had no power or authority to adopt said resolution, or to dispose of the stock mentioned therein; that the said resolution did not purport on its face to transfer title to said stock to the plaintiff; that such transfer, if attempted or intended to be made, was unauthorized and without consideration; and that the title thereto and right of possession thereof remains vested in him as receiver; and he asks judgment that the said shares of stock be adjudged to be the property of the International Graphophone Company, that the defendant be required to deliver them to said receiver, and that they be transferred to his name as receiver upon the books of the Edison Phonograph Works. In this action an injunction pendente lite has been issued, restraining the plaintiff herein from exercising any acts of ownership over said shares of stock, or selling, transferring, assigning, or disposing of them.

In this present action the plaintiff alleges that said 1,440 shares of stock were intended to be and were in fact transferred to it as further security for the bondholders, for whose security the above-mentioned mortgage was executed, and that such stock became lawfully and actually subject to the lien of said mortgage or deed of trust, and is now subject thereto, and among other things judgment is prayed for, so declaring. It would be manifestly inappropriate to undertake to decide on this appeal the question, argued at length by the respondent, whether the plaintiff holds the stock in dispute as a trustee, or merely as a bailee. That is the very matter of difference between the parties. For the purpose of the present motion it is immaterial who is right. The only question is whether that difference shall be resolved first in the New Jersey court, or in the Supreme Court of this state. It is not denied that this court, having jurisdiction in personam over the receiver, may restrain him from further prosecuting the action he has begun in another state; and more especially is this so when, as in the present case, the receiver was appointed by this court in an action to dissolve a domestic corporation. The matters in dispute between the receiver and this plaintiff can be as well and expeditiously disposed of in this action as in that pending in New Jersey, and a judgment in this action will be conclusive, as a judgment in the New Jersey action would not be, upon the executors of Moriarty, who may have some claim to the stock in question. It is certainly desirable that the question of the ownership and right of disposition of the stock should be determined in a single action, and that all the parties who do or may assert conflicting claims to it shall be parties to that action. Such a result can be more conveniently and decisively arrived at in this action than the one commenced by the receiver in an adjoining state, particularly since the receiver is an officer of this

court and the estate of the company which he represents must be finally administered here.

The order appealed from will therefore be reversed, and the motion granted, with $10 costs and disbursements to the appellant to abide the event of the action. Settle order on notice. All concur.